UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00088-FDW
(3:17-cr-00134-FDW-DSC-15)

| | |
|---|---|
| MARQUEL MICHAEL CUNNINGHAM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and Petitioner's "Supplemental Motion in Support to Vacate, Correct, and/or Set Aside Sentence (2255)" [CV Doc. 3], which the Court construes as a motion to amend the motion to vacate.

**I.  BACKGROUND**

Pro se Petitioner Marquel Michael Cunningham is a member of the Nine Try Gangsters Hood of the United Blood Nation (UBN) gang. [CR Doc. 2335 at ¶ 19: Presentence Investigation Report (PSR)]. On November 26, 2014, Petitioner and another UBN member committed an armed robbery. [Id. at ¶ 21]. Petitioner was convicted of common law robbery in Cleveland County, North Carolina, for that offense. [Id.]. Two days after the robbery, Petitioner and other UBN members displayed gang hand signals and then shot at someone he believed to be a member of a

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00088-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-15.

rival gang. [Id.]. No one was injured. [Id.]. On November 10, 2016, Petitioner and another gang member assaulted a different UBN member for violating gang rules. [Id. at ¶ 20].

In May 2017, a federal grand jury indicted Petitioner, along with 82 other individuals, charging them with Racketeer Influenced and Corrupt Organizations Act (RICO) conspiracy for their membership in the UBN street gang and conspiring to conduct and participate in a racketeering enterprise through a pattern of racketeering activity that included murder, robbery, identity theft, wire fraud, bank fraud, and drug trafficking, in violation of 18 U.S.C. § 1962(d) (Count One). [CR Doc. 3: Bill of Indictment]. The grand jury identified numerous overt acts performed in furtherance of the conspiracy, including the November 2014 robbery and shooting and the November 2016 assault. [Id. at 32-33, 58-59]. In addition to the RICO conspiracy charge, the grand jury also charged Petitioner with attempted murder in aid of racketeering and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(5) and 2 (Count Eight), and use and possession of a firearm, including discharging the firearm, in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Nine). [Id. at 83-84]. On May 16, 2017, an arrest warrant, which was based on the Indictment, was issued for Petitioner's arrest. [CR Doc. 17]. Petitioner was arrested nearly a month later. [6/12/2017 Docket Entry]. On June 20, 2017, the Court appointed attorney Robert Lonnie Cooper to represent Petitioner. [6/20/2017 Docket Entry].

In March 2018, after some defendants charged in the original Indictment had entered guilty pleas, the grand jury returned a Superseding Indictment omitting those defendants. [See CR Doc. 1241: Superseding Indictment]. The charges against Petitioner remained the same. [See id.]. In September 2018, the parties reached a plea agreement pursuant to which Petitioner agreed to plea guilty to Count One and the Government agreed to dismiss the remaining counts against Petitioner.

[CR Doc. 2108: Plea Agreement]. As part of the plea agreement, the parties agreed to jointly recommend the following:

> b. With respect to Count One, pursuant to U.S.S.G. § 2E1.1, the base offense level will be the greater of 19 or the offense level applicable to the underlying racketeering activity. The underlying racketeering activity and crimes here include attempted murder and robbery.
>
> c. The parties agree that pursuant to U.S.S.G. § 2A2.1(a), the base offense level for attempted murder is either 33 or 27. It is the position of the United States that the object of the offense would have constituted first degree murder, and that the base offense level of 33 therefore applies pursuant to U.S.S.G. § 2A2.1(a)(1). It is the position of the defendant that the base offense level is instead 27 pursuant to U.S.S.G. § 2A2.1(a)(2). Accordingly, the parties reserve the right to argue for the appropriate offense level at sentencing on the underlying racketeering activity of attempted murder.
>
> d. The underlying racketeering activity and crimes here include a robbery for which the defendant was previously sentenced. Therefore, pursuant to U.S.S.G. § 2E1.1 and Application Note 4, for purposes of the guideline calculations, this conduct is treated as a prior sentence under U.S.S.G. § 4A1.2(a)(1) and not as part of the instant offense. Accordingly, the parties agree that the offense level for Count One, not including any adjustment for acceptance of responsibility, is 33 or 27.

[Id. at ¶ 8]. Petitioner waived his rights to contest his conviction and/or sentence through appeal or post-conviction action, including pursuant 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶ 17].

Petitioner pleaded guilty in accordance with the plea agreement. [CR Doc. 2154: Acceptance and Entry of Guilty Plea]. At the plea hearing, Petitioner acknowledged that he understood that the maximum penalty for RICO conspiracy under 18 U.S.C. § 1962(d) was a term of imprisonment of 20 years and that the Court could not determine Petitioner's sentence until after a probation officer prepared a PSR. [CR Doc. 2935 at 6-8: Sentencing Tr.]. Petitioner also

3

acknowledged that he and his lawyer discussed how the U.S. Sentencing Guidelines might apply to Petitioner's case. [Id. at 9]. The Government reviewed the material terms of the plea agreement, including the parties' agreement that the underlying racketeering activity for the RICO conspiracy included attempted murder and robbery and the parties' respective positions regarding the base offense levels corresponding to those crimes. [Id. at 12-13]. The Government also noted the parties' agreement that, for purposes of the guidelines calculation, the robbery was to be treated as a prior sentence and not as part of the instant offense, and that, therefore, the base offense level for Count One was 33 or 27. [Id. at 13]. Petitioner affirmed that he understood the terms of his plea agreement, including the waiver of his appellate and post-conviction rights; that no one had threatened, intimated, or forced him to enter a guilty plea; and that no one had made promises of leniency or a light sentence outside the plea agreement to induce him to plead guilty. [Id. at 16-18]. Petitioner also testified that he was satisfied with the services of his attorney. [Id. at 18]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowing and voluntary. [Id. at 19].

Before sentencing, a probation officer prepared a PSR. [CR Doc. 2335]. The probation officer recommended a base offense level of 33, finding that the object of the conspiracy would have constituted first degree murder, with a three-level reduction for acceptance of responsibility, for a total offense level (TOL) of 30. [Id. at ¶¶ 47, 54-56]. The probation officer calculated that Petitioner had earned eight criminal history points from prior convictions, including three points for a 2014 conviction for attempted breaking and entering for which probation was revoked and he received an eight- to 19-month sentence; three points for the 2014 common law robbery conviction for which he was sentenced 12 to 24 months; and one point each for his prior larceny and simple assault offenses. [Id. at ¶¶ 59-63]. Petitioner also earned two additional criminal

4

history points because Petitioner committed the instant offense while serving a prior criminal justice sentence – for a total of 11 points, which placed him in criminal history category V. [Id. at ¶¶ 64-65]. With a TOL of 30 and a criminal history category of V, the guidelines advised a range of 151 to 188 months' imprisonment. [Id. at ¶ 89].

Petitioner objected to the PSR on various grounds not relevant here. [See Doc. 2335 at 34-36, Docs. 2330, 2605, 2811]. At sentencing, Petitioner confirmed that the answers he had given more than two years earlier at his plea hearing were true and correct. [CR Doc. 2939 at 3-4]. The Court affirmed the Magistrate Judge's finding that Petitioner's plea was knowing and voluntary and the acceptance of Petitioner's guilty plea. [Id. at 5-6]. The Court also independently found, as a matter of fact, that Petitioner's plea was knowingly and voluntarily made. [Id. at 6].

After hearing extensive testimony by Amy Lail, a Cleveland County Sheriff's Office sergeant, and arguments of counsel, the Court determined that the object of the conspiracy for sentencing purposes would have constituted first-degree murder and adopted the recommended base offense level of 33. [Id. at 55-57]. The Court implicitly adopted the three-level reduction for acceptance of responsibility and noted the criminal history category of V, which yielded a range of 151 to 188 months. [Id. at 59]. Ultimately the Court sentenced Petitioner to a term of imprisonment of 180 months, near the top of the guidelines range, citing Petitioner's violent criminal history, his lack of respect for the law, the need for general and specific deterrence, and the need for just punishment. [Id. at 76-80; CR Doc. 2827 at 2: Judgment]. Petitioner directly appealed and the Fourth Circuit affirmed. United States v. Cunningham, 839 Fed. App'x 820 (4th Cir. 2021).

Petitioner timely filed the pending motion to vacate. [CV Doc. 1]. He argues that his trial counsel provided ineffective assistance by failing to challenge his criminal history score. [Id. at

5

4; CV Doc. 1-1 at 1]. On March 21, 2022, still within a year from his judgment becoming final, Petitioner filed a "Supplemental Motion" in support of his motion to vacate in which he asserts several additional grounds for relief.[2] [CV Doc. 3]. Petitioner argues that his conviction is illegal because no valid arrest warrant was issued and no indictment was presented to a grand jury; that his attorney failed to disclose Brady material, the arrest warrant, discovery, grand jury minutes, or affidavits in support of his arrest; and his attorney was ineffective in the plea proceeding because he told Petitioner that he would receive a 70-month sentence and threatened him into pleading guilty. [Id. at 1-2]. Petitioner also argues that he never committed a federal offense and that he has been forced into servitude. [Id. at 2]. Petitioner requests appointment of counsel and an evidentiary hearing. [Id. at 2; CV Doc. 1-1 at 24]. For relief, Petitioner seeks to be resentenced, presumably under what he contends is the correct criminal history category. [CV Doc. 1-1 at 23-24]. The Government timely responded to Petitioner's motion. [CV Doc. 5]. Petitioner has not timely replied.

This matter is now ripe for adjudication.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

---

[2] The Court will construe Petitioner's "Supplemental Motion" as a motion to amend his motion to vacate, which the Court will grant.

6

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating claims under § 2255, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "[C]ourts must be able to rely on the defendant's statements made under oath during a

7

properly conducted Rule 11 plea colloquy." United States v. Lemaster, 403 F.3d 216, 216, 221-22 (4th Cir. 2005). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

When the ineffective assistance claim relates to a sentencing issue, the petitioner must demonstrate a "'reasonable probability' that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (quoting Strickland, 466 U.S. at 694)). If the petitioner fails to meet this burden, the "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Petitioner primarily argues that his attorney was ineffective for failing to challenge Petitioner's criminal history points. Petitioner claims that the PSR's criminal history point

8

computation was incorrect as to the 2014 breaking and entering and the 2014 common law robbery convictions. [CV Doc. 1-1 at 6]. Petitioner argues that the 2014 robbery conviction should not have been included in the criminal history computation "because it was specifically charged in the RICO conspiracy count as a predicate offense … for which Petitioner pled guilty." [Id. at 7-8].

> Petitioner contends that since he participated in racketeering acts in furtherance of the UBN enterprise, including robbery that was a part of the common scheme or plan and substantially connected to the conspiracy, this robbery should have been counted at best as relevant conduct under U.S.S.G. Section 1B1.3 and cmt. note 9, but not as a prior sentence which added erroneously 3-points to Petitioner's criminal history.
>
> In sum, the robbery furthered the enterprises source of income, as the UBN's primary source of income in the Western District of North Carolina area derived from illegal activity including robbery.
>
> Therefore, it is Petitioner's position that the sentence for robbery cannot be considered as a prior sentence under Section 4A1.2(a) but must be considered as only relevant conduct because it was in furtherance of <u>part of the instant offense</u> in the conspiracy.

[CV Doc. 1-1 at 10-11 (internal citations omitted) (emphasis in original)].

Under the guidelines, § 4A1.1 computes a defendant's criminal history score based in part on his "prior sentences." U.S.S.G. § 4A1.1. Application Note 1 to § 4A1.2 defines "prior sentence" as "a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense." U.S.S.G. § 4A1.2, App. Note 1. Therefore, generally, a defendant's prior convictions that were based on conduct that later forms the basis for a federal conviction cannot be used to increase that defendant's federal sentence. See <u>United States v. Gross</u>, 199 Fed. App'x 219, 244 (4th Cir. 2006).

> RICO claims, however, present an exception to this general rule. Section 2E1.1 of the sentencing guidelines provides the offense level calculation for violations of 18 U.S.C. § 1962, which [Petitioner] was convicted of violating. Application Note 4 of §

9

> 2E1.1 establishes that prior convictions that form "part of a 'pattern of racketeering activity'" can be "treat[ed] as a prior sentence under § 4A1.2(a)(1) and not as part of the instant offense." U.S.S.G. § 2E1.1, Application Note 4. See United States v. Marrone, 48 F.3d 735, 738-39 (3d. Cir. 1995) (holding that RICO predicate acts can be used to compute criminal history score). *Therefore, prior convictions are treated differently in RICO cases and can be used to increase a defendant's sentence even though they involve the same conduct underlying the RICO charge.*

Id. (emphasis added). As such, the "prior sentence" for Petitioner's 2014 robbery conviction was properly included in the computation of Petitioner's criminal history points. Moreover, Petitioner agreed as part of his plea agreement, consistent with U.S.S.G. § 2E1.1 and Application Note 4, that the robbery would be "treated as a prior sentence under U.S.S.G. § 4A1.2(a)(1) and not as part of the instant offense." [CR Doc. 2018 at ¶ 8(d)]. His attorney, therefore, could not challenge the criminal history computation without risking breaching the plea agreement. This claim will be dismissed.

Petitioner also argues that his attorney was ineffective for failing to object to the three criminal history points assigned for Petitioner's prior sentence for resisting arrest and underage drinking offenses. [CV Doc. 1-1 at 17-20; see CR Doc. 2335 at ¶ 59]. This claim is wholly without merit. The three points assigned were for Petitioner's attempted breaking and entering conviction, not for underage drinking or resisting arrest, which was dismissed. [CR Doc. 2335 at ¶ 59]. Petitioner was originally sentenced to four to 14 months for breaking and entering, which was suspended for 24 months of probation. [Id.]. Petitioner's probation was revoked, however, and he was sentenced to eight to 19 months imprisonment. [Id.]. As such, he properly earned three criminal history points for that offense. See U.S.S.G. §§ 4A1.1(a), 4A1.2(b)(1), (k)(1).

Because the PSR, which was accepted by the Court, correctly calculated Petitioner's criminal history score, he can show neither deficient performance, nor prejudice from his counsel's

failure to challenge the score. See Strickland, 466 U.S. at 687-88; Royal, 188 F.3d at 249. The Court, therefore, will deny and dismiss Petitioner's claims of ineffective assistance of counsel on this issue.

Petitioner also argues that his conviction is illegal because no valid arrest warrant was issued and no indictment was presented to a grand jury; that his attorney failed to disclose Brady material, the arrest warrant, discovery, grand jury minutes, or affidavits in support of his arrest; that his attorney was ineffective in the plea proceeding because he told Petitioner that he would receive a 70-month sentence and coerced him into pleading guilty; and that that he never committed a federal offense and has been forced into servitude. [CV Doc. 3 at 1-2].

Petitioner's vague and conclusory assertions on these issues are completely insufficient to establish a right to relief under § 2255 and the Court dismisses them on this ground alone. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations). Moreover, Petitioner waived all pre-plea ineffective assistance counsel claims when he knowingly and voluntarily pleaded guilty, see Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992), and failed to show prejudice from these ineffective assistance claims in any event, see Strickland, 466 U.S. at 687-88. Petitioner also waived his right to challenge his conviction and sentence as part of his plea agreement, see United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), and provided sworn testimony during his plea colloquy that directly contradicts some of these claims, see Lemaster, 403 F.3d at 221-22. Finally, Petitioner procedurally defaulted many of these claims by failing to raise them on direct appeal. See United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009). These claims, therefore, will be dismissed.

11

Petitioner's request for appointment of counsel and for an evidentiary hearing are denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 motion to vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Docs. 1, 3] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: June 10, 2022

Frank D. Whitney
United States District Judge